REHM, Plaintiff-Appellee, v. ADAMS et, Defendants-Appellants.

Ohio Appeals, Seventh District, Belmont County.

No. 956. Decided December 11, 1959.

*Mr. William Iddings,* for plaintiff-appellee.
*Mr. John Costine,* for defendants-appellants.

GRIFFITH, P. J. This is an action to quiet title to two parcels of land in Richland Township originally belonging to the Adams family of which plaintiff and defendant are the two children. The case is submitted to this court de novo upon the transcript of the testimony taken in the Common Pleas Court, the pleadings therein, exhibits and briefs, and the arguments of counsel in this court.

Upon consideration, this court finds and decrees that the plaintiff is entitled to have title to her property as prayed for in her petition quieted containing 71.53 acres as described in journal entry in case number 18374, Common Pleas Court, Belmont County, which journal is found in Volume 87, at Page 141, of the Journals of that court. This court further finds that title to the defendant's property should be and hereby is quieted as to a full thirty acres of land by moving the boundary line as shown by Plaintiff's Exhibit Number 2, in said common pleas court case. There is a total absence of any evidence that the easterly line of defendant's thirty acres was to be parallel to the westerly line, and there is evidence that the easterly line as established by the enginer is in general accord with the directions of the fence line heretofore existing, thereby enclosing for the defendant the full thirty acres mentioned in his deed.

The deed to defendant from plaintiff contained nothing which would in any way indicate where the east line was to be drawn. As mentioned above, there was evidence indicating that the parties treated the fence line as the easterly line. However, none of the evidence was of such character as to be overwhelming and it would appear that the parties almost deliberately avoided any clear understanding until this dispute arose. We can point out that the barn in question was directly across the road from the homestead. We feel that a presumption may be indulged in that the barn would be considered as an adjunct to the homestead. And we feel that that presumption would be strong enough, in the absence of definite testimony to the contrary, to substantiate the claim that it went with the homestead land.

Since this decree quiets title in the lands of both plaintiff and defendant it is the order of this court that the costs be divided, each paying one-half.

DONAHUE and PHILLIPS, JJ., concur.